IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS POCIASK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 C 5054 |
| v. | ) | |
| | ) | Judge Lefkow |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Magistrate Judge Schenkier |
| BLATT, HASENMILLER, LEIBSKER & | ) | |
| MOORE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEANETTE R. THORNTON, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 5685 |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | Magistrate Judge Nan R. Nolan |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC.; and ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LILLIAN ROMAN, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 5872 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Morton Denlow |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC.; MIDLAND FUNDING LLC; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REASSIGN RELATED CASES**

1

Pursuant to Local Rule 40.4, Plaintiff Chris Pociask ("Pociask") respectfully requests that this Court reassign the matters *Thornton v. Midland Credit Management, Inc. et al.*, No. 09 C 5685, currently pending before Judge Guzman, and *Roman v. Midland Credit Management, Inc., et al.*, No. 09 C 5872, currently pending before Judge Kendall, to this court as related to the instant case.

In support of this motion, Plaintiff states as follows:

1. The Complaint originally filed in this case in the present case is an individual case against Midland Credit Management, Inc. ("MCM") and Blatt Hasenmiller, Leibsker & Moore, LLC, collection attorneys for MCM. Plaintiff alleges that the Defendants violated the Fair Debt Collection Practices Act, §1692e and 1692f ("FDCPA") as well as the Illinois Collection Agency Act, 225 ILCS 425/9, by filing a collection lawsuit on a debt which was both barred by the Illinois statute of limitations (735 ILCS 5/13-205) and was paid in full pursuant to a settlement in 2007. The collection lawsuit filed against Plaintiff attached a "Form 409" affidavit, The "Form 409" affidavit is a form document which is used by Defendants in order to obtain default judgments against debtors.

2. Plaintiff is concurrently filing a motion for leave to file an amended complaint to specifically allege that the "Form 409" affidavit itself contains false statements and violates the FDCPA. A similar affidavit was found to be false in *Midland Credit Management, Inc. v. Brent*, No. 3:08cv1434, 2009 U.S. Dist. LEXIS 70650, 2009 WL 2437243 (N.D.Ohio Aug. 11, 2009).

3. The *Thornton* case is a putative Class Action which alleges that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"),

by filing lawsuits with affidavits which contained falsified information - namely the "Form 409" affidavit. (*See Thornton* Complaint, <u>Appendix 1</u>). The allegations in the *Roman* matter are, if not identical, substantially similar to those raised *Thornton*. (*See Roman* Complaint, <u>Appendix 2</u>). The claims arise from a similar lawsuit filed against Plaintiff Roman which also included a "Form 409" affidavit attached to the collection complaint. Both claims are asserted against Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc., ("Encore"), but the underlying suits were filed in the name of different subsidiaries. Thus, the *Roman* matter additionally names Midland Funding, LLC, while the *Thornton* action names only Midland Credit Management, Inc. and Encore Capital Group, Inc. Plaintiff *Pociask*'s claims relating to the affidavit are against Midland Credit Management, Inc., as is the case in the *Thornton* matter.

4. Plaintiff Thornton originally filed a motion for relatedness before Judge Guzman on October 6, 2009, seeking to have the *Roman* matter related to the *Thornton* matter. At that time Plaintiff Pociask had not asserted any claims relating to the "Form 409" affidavit. On October 7, 2009, Judge Guzman denied Plaintiff's motion without prejudice on the grounds that "the lowest-numbered case involving the same issue of law regarding whether a Form 409 affidavit violates the Fair Debt Collection Practices Act appears to be Pociask v. Midland Credit Management, Inc., case number 09 C 5054." [Dkt. No. 25] Accordingly, Plaintiff Pociask now seeks to amend his complaint to conform the allegations to those in *Thornton* and *Roman,* and has filed the present motion.

5. The Seventh Circuit noted in *Gibson v. Bob Watson Chevrolet*, 112 F.3d 283 (7th Cir. 1997), that reassignment of similar cases is preferred. In *Gibson*, the Court considered a matter that was the subject of fifteen separate class action lawsuits presenting the same legal issue.

3

Six of these cases survived motions to dismiss, while five others did not. The Court expressed surprise and disappointment that these cases were not reassigned based on relatedness, which led to disparate rulings on the various motions to dismiss; in reversing the dismissal of the cases considered by the Court, Judge Posner stated that "we hope it's not too late for the district court to reassign all the identical Truth in Lending auto dealer class actions to one judge." *Gibson,* 112 F.3d at 284, 287.

6. These three cases satisfy Local Rule 40.4(a)(2) which provides that two or more cases are related if the "cases involve some of the same issues of fact or law."

7 These two cases also satisfy the requirements of Local Rule 40.4(b) which provides that a case may be reassigned to the calendar of another judge if a case is found to be related to an earlier-numbered case, and each of the following criteria is met:

    a. All cases are pending in the same Court;

    b. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    c. The earlier case has not progressed to the point where designating later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and

    d. The cases are susceptible of disposition in a single proceeding.

8. All three cases are pending in the United States District Court for the Northern District of Illinois, Eastern Division. The same counsel represent the Plaintiffs in all three matters. It will save judicial resources to have the parties litigate the issues of these three cases before one judge. All cases are in the early stages of litigation. Discovery schedules have not yet

been set and discovery has not been issued.

WHEREFORE, Pursuant to Local Rule 40.4, Plaintiff respectfully requests that this Court reassign *Thornton v. Midland Credit Management, Inc. et al.*, No. 09 C 5685, currently pending before Judge Guzman, and *Roman v. Midland Credit Management, Inc., et al.*, No. 09 C 5872, currently pending before Judge Kendall, to this Court as related to this matter.

Respectfully submitted,

s/Daniel A. Edelman

Daniel Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

# **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on October 29, 2009, I caused the preceding Plaintiff's Motion to Reassign Related Cases to be filed electronically using the Court's CM/ECF system which will send notice to the following:

Anna-Katrina S. Christakis
Raechelle Delarmente
Grady Pilgrim Chirstakis Bell LLP
53 West Jackson Boulevard
Suite 715
Chicago, IL  60604

Gregory Dye
Blatt, Hasenmiller, Leibsker & Moore, LLC
125 S. Wacker Drive Suite 400
Chicago, IL  60606

I, Daniel A. Edelman, further certify that I caused copies of the foregoing to be served upon the following individuals by electronic mail:

David M. Schultz
Corinne C. Heggie
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081


s/Daniel A. Edelman

Daniel Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)