# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEANETTE R. THORNTON, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC.; and | ) |
| ENCORE CAPITAL GROUP, INC., | ) |
| formerly MCM CAPITAL GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Jeanette R. Thornton brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.      Venue in this District is proper because defendants' collection activities occurred in this District.

### PARTIES

4.      Plaintiff Jeanette R. Thornton is an individual who resides in the Northern District of Illinois.

5.      Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123.  MCM does or transacts business in Illinois and holds a collection agency license from the state of Illinois.  Its registered agent and office are

Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

6.    Defendant MCM is a collection agency.

7.    Defendant MCM uses the mails and telephone system to collect debts originally owed (if at all) to others.

8.    Defendant MCM is a "debt collector" as defined in the FDCPA.

9.    MCM is a subsidiary of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

10.    Encore describes itself on its Web site as "a systems-driven purchaser and manager of charged-off consumer receivable portfolios."

11.    Encore (a) secures funds from investors and lenders for the purpose of purchasing the debts which MCM sues on, (b) devises the collection strategies used by the other defendants and (c) participated in the debt collection activities.

12.    Encore is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

13.    On or about Jan. 2, 2009, defendant Midland Credit Management, Inc. filed a lawsuit against plaintiff Jeanette R. Thornton in the Circuit Court of Cook County, 09 M1 100095. The complaint and attachments are in Exhibit A.

14.    The lawsuit sought to collect an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

15.    Attached to the complaint was a "Form 409" affidavit signed by one Elizabeth Neu, stating:

1.    I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Credit Management, Inc. [sic] I make the statements herein based upon my personal knowledge. Midland Credit Management, Inc. is the current owner of, and/or successor to, the obligation sued upon.

2.    That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number XXXXXX1776, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for

2

defendant to make payment of the balance owing on the account described above more than thirty (30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Credit Management, Inc. were retained on Midland Credit Management, Inc. - Midland Credit Management, Inc.'s behalf [sic] by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Credit Management, Inc. the sum of $1142.54.

3.      That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's FCNB-SPIEGEL account number, XXXXXXXXXXXX8785, to the plaintiff.

4.      That the final statement of account reveals that the defendant owed a balance of $1142.54 on 4/23/2007; and that such balance will continue to earn interest at a rate of _____% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5.      That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6.      That upon information and belief, the defendant is not in the military service and is not entitled to the rights and privileges provided under the Service Members Civil Relief Act of 2003, (SCRA) as amended.

16.     In truth and in fact:

   a.      Neu did not have personal knowledge of any of the matters testified to;

   b.      Neu did not have personal knowledge that Midland Credit Management, Inc. is the current owner of any debt allegedly owed by plaintiff or how it acquired any interest in any debt. On information and belief, Midland Credit Management, Inc. did not own the debt.

   c.      Neu did not have personal knowledge that defendant failed to make payments on any account;

   d.      Neu did not have personal knowledge of any demand being made on the defendant;

3

   e.  Neu did not have personal knowledge that there was due and owing

     from Jeanette R. Thornton to Midland Credit Management, Inc. the

     sum of $1142.54 as of April 23, 2007 or any other date.

17. Neu and other affiants signed scores of Form 409 affidavits and had no
personal knowledge of any of the supposed facts attested to therein.

18. The affidavits are signed by one of approximately 10 persons in a legal
support department based on information appearing on a computer screen.

19. Not only do the affiants have no personal knowledge of the facts, but in most
cases, nothing whatever is done to even check the information for accuracy.

20. Each of the persons churns out 200-400 affidavits per day.

21. None of the affiants has had any personal contact with any of the supposed
debtors and has not observed any transactions.

22. None of the affiants has anything to do with retaining counsel for Midland
Credit Management, Inc.

23. On information and belief, Midland Credit Management, Inc., did not actually
own any of the debts for which a Form 409 affidavit was prepared.

24. The affidavits are submitted to courts for the purpose of obtaining default
judgments against debtors.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of a class.

26. The class consists of (a) all natural persons (b) sued in Illinois or Indiana (c)
by Midland Credit Management, Inc. (d) where the complaint had attached to it a Form 409
affidavit (e) and was filed on or after a date one year prior to the filing of this action, and (f) on or
before a date 20 days after the filing of this action.

27. The class members are so numerous that joinder is impracticable.

28. Between January 1, 2009, and September 8, 2009, Midland Credit

4

Management, Inc. filed over 900 collection cases in Cook County Circuit Court. Others were filed in other circuits in Illinois.

29.     On information and belief, each such collection case had a Form 409 affidavit attached.

30.     The Form 409 affidavit was also used in Indiana.

31.     On information and belief, there are more than 50 natural persons sued in Illinois or Indiana by Midland Credit Management Inc., where the complaint had attached to it a Form 409 affidavit and was filed on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

32.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the statements in the Form 409 affidavit are false.

33.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from obstinately continuing their violations of the law. Many debtors may not realize that their rights are violated.

## COUNT I – FDCPA

36.     Plaintiff incorporates paragraphs 1-35.

37.     The statements of personal knowledge in the Form 409 affidavit are false and violate 15 U.S.C. §§1692e, 1692e(2) and  1692e(10).

38.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

39.    Midland Credit Management, Inc., also violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by filing suit on debts which it did not own and misrepresenting that it did own the debts.

40.    A similar affidavit was found to be false in Midland Credit Management, Inc. v. Brent, 3:08cv1434, 2009 U.S. Dist. LEXIS 70650, 2009 WL 2437243 (N.D.Ohio Aug. 11, 2009).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

2138878

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT, COOK COUNTY

MIDLAND CREDIT MANAGEMENT, INC
    Plaintiff

    vs.

JEANETTE R THORNTON
AKA JEANETTE R ROGERS



    Defendant(s)

Case No.:  **09 M 1  100095**

Amount Claimed:  $1142.54 + costs

Return Date:  02-17-09

## COMPLAINT

The Plaintiff, MIDLAND CREDIT MANAGEMENT, INC, claims as follows:

1. The Defendant(s) JEANETTE R THORNTON  AKA JEANETTE R ROGERS
   is/are a resident of COOK County, Illinois.

2. The Defendant(s) opened a charge account with FCNB SPIEGEL agreeing to make
   monthly payments as required by the terms of the Charge Agreement, for the purchases charged to the account.

3. Plaintiff is the successor in interest of said account from FCNB SPIEGEL having
   purchased said account in the regular course of business in good faith and for value.

4. The Defendant(s) did make purchases and charged same to the account but failed to make the monthly payments
   called for on the account.  There is a balance due and owing $1142.54.
   (See Client affidavit as Plaintiff's Exhibit No. 1.)

5. Plaintiff declared Defendant(s) to be in default and demands payment of balance.

**WHEREFORE,** the Plaintiff, MIDLAND CREDIT MANAGEMENT, INC, prays for judgment against the
Defendant(s), JEANETTE R THORNTON  AKA JEANETTE R ROGERS , in the
amount of $1142.54 plus costs.

Blatt, Hasenmiller, Leibsker & Moore, LLC - 01237
125 South Wacker Drive, Suite 400
Chicago, IL 60606
(866) 269-9858

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR

BLCCP (02/2003)

Form 409 (Illinois & Indiana)

State of _____ )
                           ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Credit Management, Inc,
                    Plaintiff

Vs.                                          Affidavit

THORNTON, JEANETTE R,
                    Defendant

After first being sworn upon oath, ELIZABETH NEU, deposes and states as follows:

1.  I am employed by Midland Credit Management, Inc, servicer of this account on behalf of Midland Credit Management, Inc. I make the statements herein based upon my personal knowledge. Midland Credit Management, Inc is the current owner of, and/or successor to, the obligation sued upon.

2.  That by virtue of such relationship and my employment with Midland Credit Management, Inc, I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc's account number ~~~~~1776, which includes the following information:  that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty (30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Credit Management, Inc were retained on Midland Credit Management, Inc - Midland Credit Management, Inc's behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Credit Management, Inc the sum of $1142.54.

3.  That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's FCNB-SPIEGEL account number, ~~~~~~~~~8785, to the plaintiff.

4.  That the final statement of account reveals that the defendant owed a balance of $1142.54 on 4/23/2007; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5.  That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing.  That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6.  That upon information and belief, the defendant is not in the military service and is not entitled to the rights and privileges provided under the Service Members Civil Relief Act of 2003, (SCRA) as amended.

Dated this 11 day of November, 2008.

ELIZABETH NEU

*Elizabeth Neu*
_____
               Affiant's Signature

Ex #1

Form 409 (Illinois & Indiana)

State of Minnesota
Stearns County

Subscribed and sworn to (or affirmed) before me on this 11 day of November 2008 by ELIZABETH NEU personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(SEAL)

Judy Ann Richter
Notary Public-Minnesota
My Commission Expires Jan. 31, 2010

Notary Public for the State of Minnesota

TL21

BLATT, HASENMILLER, LEIBSKER & MOORE

