

# APPENDIX 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILLIAN ROMAN, on behalf of plaintiff and a class, | ) |
| Plaintiff, | ) |
| v. | ) |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC., | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Lillian Roman brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue in this District is proper because defendants' collection activities occurred in this District.

**PARTIES**

4. Plaintiff Lillian Roman is an individual who resides in the Northern District of Illinois.

5. Defendant Midland Funding LLC is a Delaware corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It does or transacts business

in Illinois and holds a collection agency license from the state of Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

6. Defendant Midland Funding LLC is in the business of acquiring or claiming to acquire charged-off debts allegedly owed by consumers and originally owed to others.

7. Defendant Midland Funding LLC then seeks to enforce the debts against the consumers.

8. Defendant Midland Funding LLC has paid an average of less than 10 cents on the dollar for the debts it has purchased.

9. Defendant Midland Funding LLC is the plaintiff in numerous collection lawsuits pending in various courts during the year preceding the filing of this action.

10. Defendant Midland Funding LLC is a "debt collector" as defined in the FDCPA.

11. Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. MCM does or transacts business in Illinois and holds a collection agency license from the state of Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

12. Defendant MCM is a collection agency and collects the bad debts allegedly acquired by Midland Funding LLC.

13. Defendant MCM is a "debt collector" as defined in the FDCPA.

14. MCM and Midland Funding LLC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

15. Encore describes itself on its Web site as "a systems-driven purchaser and manager of charged-off consumer receivable portfolios."

16. Encore (a) secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, (b) devises the collection strategies

used by the other defendants and (c) participated in the debt collection activities.

17. Encore is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

18. On or about March 11, 2009, defendant Midland Funding, LLC filed a lawsuit against plaintiff Lillian Roman in the Circuit Court of Cook County, 09 M1 120550. The complaint and attachments are in Exhibit A.

19. The lawsuit sought to collect an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

20. Attached to the complaint was a "Form 409" affidavit signed by one Vicky Weisz, stating:

> 1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding LLC. I make the statements herein based upon my personal knowledge. Midland Funding LLC is the current owner of, and/or successor to, the obligation sued upon.
>
> 2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number XXXXXX4216, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty (30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC were retained on Midland Funding LLC - Midland Funding LLC's behalf [sic] by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC the sum of $6955.71.
>
> 3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's DIRECT MERCHANTS BANK account number, XXXXXXXXXXXX7399, to the plaintiff.
>
> 4. That the final statement of account reveals that the defendant owed a balance of $6955.71 on 9/30/2005, and that such balance will continue to earn interest at a rate of 0% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.
>
> 5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make

either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, the defendant is not in the military service and is not entitled to the rights and privileges provided under the Service Members Civil Relief Act of 2003, (SCRA) as amended.

21. In truth and in fact:

a. Weisz did not have personal knowledge of any of the matters testified to;

b. Weisz did not have personal knowledge that Midland Funding LLC is the current owner of any debt allegedly owed by plaintiff or how it acquired any interest in any debt;

c. Weisz did not have personal knowledge that defendant failed to make payments on any account;

d. Weisz did not have personal knowledge of any demand being made on the defendant;

e. Weisz did not have personal knowledge that there was due and owing from Lillian Roman to Midland Funding LLC the sum of $6955.71 as of September 30, 2005 or any other date.

22. Weisz and other affiants signed scores of Form 409 affidavits and had no personal knowledge of any of the supposed facts attested to therein.

23. The affidavits are signed by one of approximately 10 persons in a legal support department based on information appearing on a computer screen.

24. Not only do the affiants have no personal knowledge of the facts, but in most cases, nothing whatever is done to even check the information for accuracy.

25. Each of the persons churns out 200-400 affidavits per day.

26. None of the affiants has had any personal contact with any of the supposed debtors and has not observed any transactions.

27. None of the affiants has anything to do with retaining counsel for Midland Funding, LLC.

28. The affidavits are submitted to courts for the purpose of obtaining default judgments against debtors.

**CLASS ALLEGATIONS**

29. Plaintiff brings this action on behalf of a class.

30. The class consists of (a) all natural persons (b) sued in Illinois or Indiana (c) by Midland Funding, LLC (d) where the complaint had attached to it a Form 409 affidavit (e) and was filed on or after a date one year prior to the filing of this action, and (f) on or before a date 20 days after the filing of this action.

31. The class members are so numerous that joinder is impracticable.

32. Between April 24, 2009 and September 2, 2009, Midland Funding, LLC filed approximately 1,000 collection cases in Cook County Circuit Court. Others were filed in other circuits in Illinois.

33. On information and belief, each such collection case had a Form 409 affidavit attached.

34. The Form 409 affidavit was also used in Indiana.

35. On information and belief, there are more than 50 natural persons sued in Illinois or Indiana by Midland Funding, LLC, where the complaint had attached to it a Form 409 affidavit and was filed on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the statements in the Form 409 affidavit are false.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from obstinately continuing their violations of the law. Many debtors may not realize that their rights are violated.

**COUNT I – FDCPA**

40. Plaintiff incorporates paragraphs 1-39.

41. The statements of personal knowledge in the Form 409 affidavit are false and violate 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

42. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

43. A similar affidavit was found to be false in Midland Funding LLC v. Brent, 3:08cv1434, 2009 U.S. Dist. LEXIS 70650, 2009 WL 2437243 (N.D.Ohio Aug. 11, 2009).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23486\Pleading\Complaint_Pleading.wpd

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

MIDLAND FUNDING LLC
Plaintiff

vs.

LILLIAN ROMAN

Defendant

No. 09 M1 120550

Return Date: APR 06 2009

Amount claimed: $6,955.71
Plus court costs

COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1. The Defendant(s) opened an account with Direct Merchants Bank, account number [redacted]7399 whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2. The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $6,955.71.

3. Plaintiff is the assignee of said account having purchased said account in the regular course of business in good faith and for valuable consideration.

4. Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $6,955.71 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
32887

This is an attempt to collect a debt and any information will be used for that purpose.

09-00610-0
7600-10

09-00610

Form 409 (Illinois & Indiana)

State of ________________)
) ss.
County of ________________)

In ______________________________ Court

______________________________ Judicial (Circuit/District)

Midland Funding LLC,
Plaintiff

Vs.

Affidavit

ROMAN, LILLIAN,
Defendant

After first being sworn upon oath, VICKY WEISZ, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc, servicer of this account on behalf of Midland Funding LLC. I make the statements herein based upon my personal knowledge. Midland Funding LLC is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc, I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc's account number [redacted]4216, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty (30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC were retained on Midland Funding LLC - Midland Funding LLC's behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC the sum of $6955.71.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's DIRECT MERCHANTS BANK account number, [redacted]7399, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $6955.71 on 9/30/2005; and that such balance will continue to earn interest at a rate of 0% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, the defendant is not in the military service and is not entitled to the rights and privileges provided under the Service Members Civil Relief Act of 2003, (SCRA) as amended.

Dated this 29 day of January, 2009.

VICKY WEISZ

______________________________
Affiant's Signature

State of Minnesota

Form 409 (Illinois & Indiana)

Stearns County
Subscribed and sworn to (or affirmed) before me on this 29 day of January 2009
by VICKY WEISZ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

MONICA L SHARP
Notary Public-Minnesota
My Commission Expires Jan. 31, 2011

Monica L. Sharp
Notary Public for the State of Minnesota

IL168
Blitt and Gaines, P.C.